134 So.2d 876 (1961)
Gladys SHURDEN, Appellant,
v.
Ruth THOMAS et al., Appellees.
No. D-43.
District Court of Appeal of Florida. First District.
November 21, 1961.
*877 Robinson & Randle, Jacksonville, for appellant.
Goldstein & Goldstein, Jacksonville, for appellee.
RAWLS, Judge.
This is an interlocutory appeal taken by the defendant-appellant, Gladys Shurden, from an adverse ruling on a motion to dismiss the cause on the ground that the Court had no jurisdiction over the person of said defendant due to defective service of process. The basic question involved in this litigation is who shall be the defendant and who the plaintiff.
This action arose out of an automobile accident occurring on March 15, 1961, in Duval County, Florida. Gladys Shurden was driving an automobile owned by W.C. Lucas, and appellee, Ruth K. Thomas, was driving an automobile owned by her husband, W.L. Thomas. On April 6, 1961, Ruth K. Thomas and W.L. Thomas as plaintiffs, filed their complaint against Gladys Shurden and W.C. Lucas, defendants. This suit will be referred to as the first action. Service of process was duly made by the sheriff of Duval County on defendant W.C. Lucas on April 6, 1961, and purported service of process was attempted upon Gladys Shurden on the same date. On April 24, 1961, appellant Gladys Shurden filed an instrument entitled Motion to Quash and Motion to Dismiss the purported service of process upon Gladys Shurden on the grounds that the Court had no jurisdiction over the person of the defendant Gladys Shurden due to insufficiency of process. On the same date Gladys Shurden filed suit in the same Court against Ruth K. Thomas and W.L. Thomas, her husband, upon the same subject matter of the first action and obtained proper service in this second action. On May 4, 1961, hearing was held on Gladys Shurden's mentioned Motion and in support thereof movant alleged that she was a permanent resident of Starksville, Mississippi, and was temporarily residing in Jacksonville, Florida, when the purported substitute service of process was attempted. On May 12, 1961, the trial Court entered an order granting Gladys Shurden's motion. On June 5, 1961, the Court clarified its order of May 12, 1961, by quashing the purported service of process upon Gladys Shurden and limiting the order to that extent.
*878 On June 21, 1961, Gladys Shurden filed a motion to dismiss the first action upon the following two grounds: (1) that the Court had no jurisdiction over the person of the defendant Gladys Shurden by reason of insufficiency of service of process as set forth in the trial Court's orders of May 12, 1961, and June 5, 1961; and (2) that the first action should be dismissed due to the filing by Gladys Shurden of the second action in the same jurisdiction concerning the same subject matter. The face of this motion reveals an inconsistent claim by Gladys Shurden in that she has submitted herself to the Court's jurisdiction by her own actions by filing suit as plaintiff, while at the same time in the previous action involving the same subject matter and adversary is questioning the jurisdiction of the Court. The trial judge entered an order denying Gladys Shurden's motion to dismiss filed June 21, 1961 and required her to plead within 15 days from date of the order.
The conduct and actions of Gladys Shurden in the instant cause are subject to the doctrines of waiver and estoppel. In 21 C.J.S. Courts § 108, p. 162, it is stated:
"What constitutes estoppel. Save where the court is completely without jurisdiction of the subject matter, a party will be estopped to question the court's jurisdiction if he invokes it, as by instituting an action or filing a counter claim or bringing a cross action, or if he requests or consents that a particular court take jurisdiction, or accepts benefits resulting from the court's exercise of jurisdiction." (Emphasis supplied.)
and in 14 Am.Jur., Courts § 192, p. 386:
"As to what may amount to a waiver of his right to object, the general rule is that if a defendant, though not served with process, takes such a step in an action or seeks such relief at the hands of the court as is consistent only with the hypothesis that the court has jurisdiction of the cause and of his person, he thereby submits himself to the jurisdiction of the court and is bound by its action as fully as if he had been regularly served with process."
The foregoing doctrines apply to the facts in the instant case which reflect that Gladys Shurden waived service of process and is estopped from asserting lack of jurisdiction over her person by the trial Court. Appellants argue that such a construction will permit one party to file suit, be dilatory in the service of process, and by such conduct prevent the filing of suit by the opposing party upon the same subject matter. Such a situation is not now presented and we are confident that a trial court, if presented with such circumstances, will afford proper relief.
Appellant Shurden insists that this Court is bound by the opinion of the Supreme Court in Martinez v. Martinez, 153 Fla. 753, 15 So.2d 842, 845 (Fla. 1943). This opinion discloses that circuit courts in two distinct circuits were attempting to exercise jurisdiction over the same parties and the same subject matter. On May 19, 1943, the wife filed her complaint seeking custody of children and support money in Polk County, in the Tenth Judicial Circuit, and on May 20, 1943, the husband filed a divorce action in Pinellas County, in the Sixth Judicial Circuit, against his wife. The Tenth Judicial Circuit Court, without any service having been obtained upon defendant husband, entered an order to show cause why he should not be punished for contempt for not complying with a prior order. In response, the defendant filed a plea of privilege asserting that he was entitled to be sued in Pinellas County where he resided. On June 10, 1943, the wife upon her own petition appeared in the Pinellas County Circuit Court, applied for and received fees for her counsel and alimony.
The Supreme Court stated in the Martinez case, supra:

*879 [T]he question of jurisdiction could be decided on the lone feature of priority of process. We are frank to say, however, that we have been influenced by the circumstances that it was in the Circuit Court in Pinellas County that appellee (wife) sought and obtained relief * * *." (Emphasis supplied.)
In the instant case Gladys Shurden filed her cross action in the same Court, sought relief and simultaneously questioned the jurisdiction of the trial Court over her person.
The trial judge unquestionably has within his jurisdiction the parties and the subject matter to each of these causes and under this factual situation, the power and authority of a circuit court to regulate the business before that court will not be overruled. To hold that a race by the parties in litigation as to who can first run to the clerk's office and file a case involving the same subject matter and the same parties, or to hold that whoever the sheriff might happen to serve first, shall irrevocably control the status of the parties, would create chaotic conditions throughout the judicial system. We hold that appellant, Gladys Shurden, waived the service of process and is estopped from asserting lack of jurisdiction by the trial Court over her person; that the trial Court's inherent power to do all things that are reasonably necessary for the administration of justice within the scope of its jurisdiction, with sound judicial discretion to regulate its internal affairs, controls in this cause; and that the trial Court exercised its sound discretion in refusing to dismiss the action. The order appealed from is affirmed.
CARROLL, DONALD K., C.J., and STURGIS, J., concur.