PER CURIAM.
James Jordan sued his wife, Elsa Solar Jordan, for a divorce. A motion for default was filed and on July 9, 1970 a default was entered against her by the court clerk for failure to answer or plead.
The wife moved to vacate the default on July 29, 1970 and for temporary alimony, suit money and attorneys’ fees. She submitted therewith her proposed answer and counterclaim for separate maintenance.
A hearing was held and testimony taken on her motion to vacate the default. The court vacated the default; struck the wife’s counterclaim for separate maintenance ; permitted the filing of her answer; denied her application for temporary alimony, attorneys’ fees, and suit money; and ordered that no claim for alimony, counsel fees or suit money, temporary or permanent, would be permitted. The wife has taken this interlocutory appeal from that order. She challenges only that part of the order which struck her counterclaim and denied her temporary and final relief.
We affirm as to that portion of the order which denied her temporary relief and struck the proposed counterclaim.
A court may, in exercising its judicial discretion, fix reasonable terms and conditions in the order vacating a default. See Knabb v. R. F. C., 144 Fla. 110, 197 So. 707 (1940); and 19 Fla.Jur. Judgments & Decrees § 459. A review of the testimony supports the ruling of the trial judge on this point.
On appeal the wife has not carried her burden of clearly showing that the entry of the order which denied her temporary relief and struck her counterclaim were a gross abuse of judicial discretion.
That part of the interlocutory order which denied her the right to claim final alimony, attorneys’ fees or suit money appears to be an abuse of judicial discretion at this juncture of the proceedings.
The order herein appealed is affirmed except as to that part which ordered that the wife would not be permitted to claim alimony, counsel fees or suit money at the final hearing.
Affirmed in part; reversed in part.
It is so ordered.