261 So.2d 540 (1972)
IMPERIAL INDUSTRIES, INC., a Delaware Corporation, and Triangle Properties, Inc., a Florida Corporation, Appellants,
v.
MOORE PIPE & SPRINKLER CO., a Florida Corporation, Appellee.
No. 71-1088.
District Court of Appeal of Florida, Third District.
May 2, 1972.
*541 Myers, Kaplan, Porter, Levinson & Kenin and Thomas R. Spencer, Jr., Miami, for appellants.
Shutts & Bowen, Miami, and Karl V. Hart, Coral Gables, Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for appellee.
Before PEARSON and CHARLES CARROLL, JJ., and NATHAN, RAYMOND G., Associate Judge.
PEARSON, Judge.
The appellants seek review of an order denying their motion to vacate a default entered against them and to set aside a default judgment entered pursuant to the default. In the trial court, the appellants were the defendants in an action brought by the plaintiff-appellee to foreclose a mechanic's lien. Service of the summonses was effected in August, 1971; default was entered on September 3rd against Triangle Properties, Inc., and on September 10th against Imperial Industries, Inc. Appellants' motion to vacate the defaults was filed on September 23rd; an answer and counterclaim were tendered on September 24th. The court denied the motion to vacate the defaults. We hold that the trial court erred in failing to apply the principles set forth by the Supreme Court of Florida in North Shore Hospital, Inc. v. Barber, Fla. 1962, 143 So.2d 849.
The appellants contend that the affidavits on file indicate that when the summonses and complaint were served by the sheriff, that the representative served was under the impression that the serving officer would also serve appellants' counsel and resident agent. This allegation is to some extent strengthened by the fact that the summonses on the face instructed the serving officer to attempt service upon the resident agent. The president of the appellants further alleged that the summonses were lost in his office and that he did not become aware that an answer had not been filed until September 22nd, eight days after the entry of the default judgment. The affidavit of the resident agent alleged that he was out of the country at the time of the service and that he did not receive *542 knowledge of the suit until September 22nd. There is nothing in the record to contradict any of the statements in the resident agent's affidavit.
Based on these facts, we think that the court should have vacated the default and set aside the judgment of foreclosure upon such conditions as appeared proper to the trial court. See Rule 1.540(b), R.C.P., 31 F.S.A. Cf. North Shore Hospital, Inc. v. Barber, Fla. 1962, 143 So.2d 849; Jordan v. Jordan, Fla.App. 1971, 243 So.2d 607; General Finance Corporation of Florida v. Northside Bank of Miami, Fla.App. 1968, 212 So.2d 917; Gordon v. Vaughan, Fla. App. 1967, 193 So.2d 474; Florida Investment Enterprises, Inc. v. Kentucky Company, Inc., Fla.App. 1964, 160 So.2d 733.
The policy of the courts of Florida in setting aside defaults in order to permit a trial upon the merits is one of liberality and has too often been discussed to require restatement here. In the instant case, the record does not reveal any substantial disadvantage to the appellee except that it would be required to prove its case in an adversary proceeding. The discretion of a trial judge is of course a heavy factor in these cases, but as always judicial discretion must rest upon facts ascertainable from the record. Holiday Ranch, Inc. v. Roudabush, Fla.App. 1965, 171 So.2d 558. Appellee suggests that perhaps the trial judge did not believe the content of the affidavits presented in connection with the motion to set aside the default and default judgment. The court did not so find nor is there any arguable basis for such a finding in the record. We therefore conclude that the order denying the motion to vacate default and set aside default judgment must be reversed. The order appealed is reversed with directions to vacate the default and set aside the default judgment upon such conditions as the court shall find appropriate.
Reversed and remanded.