PER CURIAM.
The appellant, Dorothy E. Bates, was one of four defendants in the trial court. She appeals from the rendition of a judgment by default entered against her after her default. She assigns as error the order denying her motion to vacate the default. We reverse and hold that the trial court abused its discretion in failing to vacate the default and the entry of the default judgment.
Appellant was among four defendants sued by the plaintiff-appellee in a dispute concerning an exclusive listing agreement. Since the other three defendants filed their answer on time, they are not parties to this appeal. As to the appellant, the complaint claimed recovery against the appellant upon two theories: (1) that the appellant signed an exclusive listing agreement personally even though she was not the owner of the property, and that because of a subsequent sale of the property she was liable for a brokerage commission; and, (2) that the appellant conspired with other defendants to effect a transfer of title of the property from the corporation in which title reposed to an officer of the corporation in order to frustrate the exclusive listing, and that such action constituted an interference with appellee’s contract. A default was entered against the appellant on August 4, 1971. A motion to vacate the default was filed on December 14, 1971. An order denying the motion to vacate default was entered on December 20, 1971, and final judgment was rendered on January 4, 1972.
Appellant urges that error was committed by the trial court in refusing to vacate the default because circumstances set forth by appellant in affidavits filed with the motion to set aside default show excusable neglect. Appellee, of course, urges that excusable neglect was not shown and urges affirmance of the order denying the motion to set aside the default judgment pursuant to the holding in Kartikes v. Demos, Fla.App.1968, 214 So.2d 86, and Solomon v. Meyer, Fla.App.1959, 116 So.2d 37. We think that the facts of this case are more properly governed by the principles set forth in North Shore Hospital, Inc. v. Barber, Fla.1962, 143 So.2d 849, and Imperial Industries, Inc. v. Moore Pipe & Sprinkler Co., Fla.App.3rd 1972, 261 So.2d 540.
Appellee, in addition, urges that the trial court properly refused to rescind the judgment because the record does not reveal the tender of a meritorious defense by the appellant. See Butler v. Butler, Fla.App. 1965, 172 So.2d 899. In the case at bar, as also occurred in North Shore Hospital, supra, we hold that the record when read in conjunction with appellant’s motion and the affidavits filed shows that the appellant contended for facts which would, if proven, establish a meritorious defense. The trial court should have vacated the default and required the filing of an answer within a short time set by the court.
Having reached the determination that the trial court erred in failing to vacate the default, we reverse the judgment appealed and remand the cause with directions to set a short time for the filing of an answer by the appellant and to proceed with the cause. Counsel for appellant and appellee have informed this court that a trial upon the merits of this cause as to defendants other than the appellant is scheduled within three weeks of the date of argument. Therefore, in order to expedite the disposition of this case by the trial court, we limit the time for filing petition for rehearing to three days from the date of the filing of this opinion.
Reversed and remanded with directions.