275 So.2d 41 (1973)
J.J. HAMILTON, Appellant,
v.
BOGORAD, KLEIN, SCHULWOLF, MASCIOVECCHIO, INC., a Florida Corporation, Appellee.
No. 73-2.
District Court of Appeal of Florida, Third District.
March 27, 1973.
Bolles, Goodwin, Ryskamp & Ware, Miami, for appellant.
Aronovitz, Silver & Booth and Jeffrey M. Fenster, Miami, for appellee.
Before CHARLES CARROLL and HENDRY, JJ., and MELVIN, WOODROW M., Associate Judge.
*42 CARROLL, Judge.
This appeal is from an order denying a motion of defendants to set aside a default judgment. We find error and reverse.
The appellees filed a complaint against Want-Ad-Central Corporation of Florida, D.H. Flowers and J.J. Hamilton, seeking to recover for certain advertising services rendered. In one count it was alleged the defendant corporation was indebted to plaintiffs for $3,924.81 for services for which the corporation had contracted and which had been performed by plaintiffs. In a second count it was alleged the individual defendants were directors of the corporation and were its alter ego, had ordered and accepted said services, and were obligated to pay therefor. An answer was filed by the individual defendants Flowers and Hamilton, admitting the plaintiffs had performed certain services for the defendant corporation, demand for payment therefor and non-payment, and admitting that the individual defendants had formed the corporation and were directors thereof, but denying the other allegations.
The answer of the defendants was filed through Hamilton as attorney. Hamilton, at that time, was a lawyer admitted to the practice of law in the states of New York and Florida. Rule 1.030(a) FRCP, 30 F.S.A., requires a lawyer who files a pleading to sign the same and state his address. In signing the answer as attorney the address given by Hamilton was 25 West Flagler Street in Miami.
The plaintiff filed a motion for judgment on the pleadings. A copy of the motion was mailed to Hamilton at 25 West Flagler Street, Miami. It was returned to the sender with the notation "addressee unknown."
Thereupon counsel for plaintiff sought and obtained an order directing the defendants to appear before the court, in person or by attorney, on a date and time specified, to show cause why their pleadings should not be stricken and final judgment entered against them on the plaintiff's motion for judgment on the pleadings. Service of the order to show cause upon the defendants was attempted by mailing a copy of the order to "John J. Hamilton, 25 West Flagler Street, Miami, Florida."
Prior thereto Hamilton had telephoned the plaintiff's attorney, from his New York office and discussed a matter relating to the case. In the course of that telephone conversation Hamilton had informed the plaintiff's attorney that he, Hamilton, was in process of moving his law office from New York to Miami. Although not amenable to personal service because he was in New York, Hamilton had voluntarily submitted to the jurisdiction of the court in the case.
The notice to Hamilton of the rule to show cause, mailed to him at the 25 West Flagler Street address, failed to reach him, as did the earlier notice sent there. The result was that no response was made to the order to show cause, and the final judgment was entered. Promptly upon learning thereof Hamilton filed the motion for relief therefrom, which was denied.
The sworn motion filed by Hamilton on behalf of himself and Flowers stated that Hamilton had informed plaintiff's counsel by telephone that he spent the majority of his time in his New York City office and was going to handle the case from that office; that defendants Flowers and Hamilton had a meritorious defense against the plaintiff's claim that they were personally liable for the obligation of the corporation, and that they were ready to proceed to trial at an early date.
After the first notice mailed to the Miami office address listed by Hamilton on the answer was returned with the notation "addressee unknown," the plaintiff's attorney knew or should have known that Hamilton's process of removing his office to Miami, which Hamilton had advised by telephone was being done, had not proceeded to the extent that notice sent to that *43 address would be effective, and plaintiff's counsel was aware that Hamilton could be served with notice in New York, if not in Miami.
Hamilton had voluntarily subjected himself to the jurisdiction of the court, and as appears in the record, was seeking to defend the action. In our view it was error for the court to deny the defendants' motion for relief from the default judgment which was entered because of failure to respond to the order to show cause, where service of notice thereof was attempted to be made in a manner that was not calculated to, and did not supply notice, with no effort having been made to serve notice on Hamilton where it was known he maintained an office.
The procedure of judgment by default is not intended to furnish an advantage to a plaintiff so that a defense may be defeated or judgment reached without the difficulty that arises from a contest by a defendant. Coggin v. Barfield, 150 Fla. 551, 8 So.2d 9. A prompt or timely filed motion to set aside a judgment entered on default, asserting a meritorious defense and showing the defendant to be chargeable with no more than excusable mistake or neglect, should be granted in favor of a determination of the cause on the merits. See Coggin v. Barfield, supra; North Shore Hospital, Inc. v. Barber, Fla. 1962, 143 So.2d 849; Florida Investment Enterprises, Inc. v. Kentucky Co., Fla.App. 1964, 160 So.2d 733; Crystal Lake Golf Course, Inc. v. Kalin, Fla.App. 1971, 252 So.2d 379, 381.
Accordingly, the order denying the motion to vacate the default judgment is reversed, except as to the defendant Want-Ad-Central Corporation of Florida as to which the default judgment is affirmed because no answer or other defensive pleading was filed by or on behalf of the defendant corporation.
It is so ordered.