PER CURIAM.
The appellant was the defendant in an action by the appellees in which they sought to enforce the terms of a surety bond. The application for bond provided: “The undersigned will at all times indemnify and keep indemnified the [sjurety . ”. The complaint alleged that the surety had been required to pay a judgment. The appellant answered and denied individual liability upon the basis that the application for bond was signed by him as president of the defendant corporation.[1]
Subsequently, appellant, who was appearing in proper person, suffered an order striking all his pleadings because of his failure to answer certain questions on oral deposition. The same order also entered a default judgment against the appellant. Thereafter, appellant filed a motion to vacate the default judgment. Nevertheless, final judgment was entered against appellant personally, and after denial of further motions to vacate, this appeal from the final judgment followed. We reverse upon a holding that the trial judge abused his discretion in failing to hear and grant the defendant-appellant’s motion to vacate the default.[2]
Appellant has conducted his defense without the aid of an attorney. As a result of his lack of knowledge of procedures in the court, he has, like many laymen, thought that a multiplicity of pleadings was a good protection. In addition, there was a misunderstanding between the attorney for the appellees and the appellant as to the cancellation of a notice of hearing before the court which the appellant had procured but then attempted to postpone, so that at the time specified for the hearing, the attorney for the appellees appeared but the appellant did not. The trial court recognized these difficulties and' attempted to give appellant the full benefit of his day in court.[3] Nevertheless, we think that the *238 confusion created, coupled with the timely filing of a meritorious defense, requires that the issue of appellant’s personal liability upon the surety bond be decided on the merits. Cf. North Shore Hospital, Inc. v. Barber, Fla.1962, 143 So.2d 849; Bates v. Keyes Company, Fla.App. 1972, 261 So.2d 549; Imperial Industries, Inc. v. Moore Pipe & Sprinkler Co., Fla.App.1972, 261 So.2d 540.
Accordingly, the final judgment is reversed and the cause is remanded with directions to grant defendant’s motion to vacate the default and for further proceedings in accordance with this opinion.
Reversed and remanded.

. Appellant’s defense appears to have substance inasmuch as the application for bond which is attached to the complaint shows that it is signed “Mr. Bidet Corporation — Fla., Arnold L. Cohen, President, 2500 Biscayne Blvd., Miami, Fla.”. See Ballas v. Lake Weir Light & Water Co., 100 Fla. 913, 130 So. 421 (1930).

. The appellees have failed to file a brief in this cause. The filing of such a brief would have been of aid to this court in determining the propriety of the order appealed. See Chamberlain v. Lesley, 39 Fla. 452, 22 So. 736 (1897).

.The court’s order striking all pleadings of the defendant and entering default judgment recited as follows:
“1. That under date of January 10th, 1973, an Order was entered requiring In Personum [sic] Attorney-Defendant, Arnold M. Cohen to Answer in writing to the Court, with copy to opposing counsel, the 10 questions he refused to answer on Deposition taken November 30th, 1972 at 10:00 A.M., within 5 days from the date of said Order; to wit: January 16th, 1973.
“2. That said Order of January 10th, 1973 ORDERED AND ADJUDGED that should Defendant Arnold M. Cohen not fully *238 Answer all 10 questions within 5 days from the date of said Order, that all of Defendant’s pleadings will be forthwith struck, and a Default will be forthwith entered against Arnold M. Cohen, individually, as well as against Mr. Bidet Corporation.
“3. That In Personum Attorney-Defendant, Arnold M. Cohen, indeed, did not comply with said Order of this Court under date of January 10th, 1973.
“4. That In Personum Attorney-Defendant, Arnold M. Cohen did not telephone attorney for Plaintiffs to explain his silence.
“5. That Paul Revere Berglund, attorney for Plaintiffs has filed his Affidavit of Non-Compliance, swearing that In Personum Attorney-Defendant, Arnold M. Cohen had not complied with the Order of this Court dated January 10th, 1973.
“6. But that, Paul Revere Berglund, attorney for Plaintiffs had received a reply from In Personum Attorney-Defendant, Arnold M. Cohen; and that said reply did not comply with said Order of January 10th, 1973; but said reply consisted of Motion To Vacate Order; Interrogatories; Request For Admissions, and Praecipe To Place On Trial Calendar; together with Notice of Hearings set for Thursday, January 18th, 1973 at 9:00 A.M., and January 31st, 1973 at 11:00 A.M., respectively.
Sfi * S{8
“10. That the Court on January 16th, 1973, finding that In Personum Attorney-Defendant, Arnold M. Cohen had not complied with its Order of January 10th, 1973 declined to enter its Order Striking All Pleadings of Defendants, and Order Entering Default Judgments Against Both Defendants, for the reason that Arnold M. Cohen was acting as his own attorney, and that although he had not complied with said Order of January 10th, 1973, he had replied by mailing copies of pleadings, aforesaid, to Paul Revere Berglund, attorney for Plaintiffs, and the Court instructed attorney for Plaintiffs to appear in accordance with the Notice of Hearing filed herein by Arnold M. Cohen, at the appointed time of 9:00 A.M., Thursday, January 18th, 1973.
“11. That in accordance with In Per-sonam Attorney-Defendant Arnold M. Cohen’s own Notice of Hearing, set for 9 :00 A. M., January 18th, 1973, for the Court to consider Defendant’s Motion To Vacate Order entered January 10th, 1973, Paul Revere Berglund, attorney for Plaintiffs appeared, in Chambers of Honorable James H. Earnest at 9:00 A.M., January 18th, 1973 and waited until 9:33 A.M., January 18th, 1973 for Arnold M. Cohen to appear and argue his Motion; but that Arnold M. Cohen never appeared.
“12. At that time, Paul Revere Berglund, attorney for Plaintiffs again requested the Court enter an Order Striking All Pleadings of Defendants, and; Order Entering Default Judgments Against Both Defendants; but that the Court refused to so enter said Order for the reason that Paul Revere Berglund, attorney for Plaintiffs was unable to reach Arnold M. Cohen by telephone to inquire if he intended to be present at said hearing to argue his Motion To Vacate the Court’s Order of January 10th, 1973.
“13. That Paul Revere Berglund, Attorney for Plaintiffs, now informs the Court that upon his arrival at his law office subsequent to the 9:00 A.M., January 18th, 1973 Hearing, aforesaid, he found among his morning mail, a certified letter from Arnold M. Cohen containing a Notice of Hearing rescheduling the 9 :00 A.M., January 18th, 1973 Hearing from that time to 11:00 A.M., January 31st, 1973; Motion To Dismiss, and Interrogatories, . . . ”.
**$>}< *