368 So.2d 401 (1979)
Gerald D. McALICE, Appellant,
v.
Ralph KIRSCH and Marion Andersen, Trustees, Appellees.
No. 78-651.
District Court of Appeal of Florida, Third District.
February 27, 1979.
Rehearing Denied March 30, 1979.
*402 Gelb & Spatz and Carl A. Spatz, Miami, for appellant.
Harry A. Payton, Miami, David Slachter, South Miami, for appellees.
Before HENDRY and KEHOE, JJ., and EZELL, BOYCE F., Jr., (Ret.) Associate Judge.
HENDRY, Judge.
This is an appeal taken by the defendant in a mortgage foreclosure action seeking review of the trial court's order denying his motion for relief from entry of default final judgment. The plaintiffs/appellees/cross-appellants, Kirsch and Andersen, seek review of the trial court's determination of the amount of their attorney's fees.
The dispositive question of this appeal is whether the attempted constructive service upon appellant was perfected so as to give the trial court jurisdiction. Appellant urges the constructive service upon him under Chapter 49, Florida Statutes did not conform to the statutory requirements in that (a) appellant had received defective notice of the proceeding because it was addressed to another defendant, not a party to this appeal, and it was accompanied by a copy of the original complaint rather than a copy of the amended complaint  the former did not name appellant McAlice as a defendant, the latter did name him as a defendant, and (b) there was lack of "diligent search and inquiry" to justify constructive service by publication rather than personal service of process.
After appellant failed to timely respond, the appellees secured entry of default; within ten days, and prior to entry of final judgment, McAlice moved to vacate the default on the basis of defective service of process, lack of diligent search and inquiry and existence of meritorious defense. After hearing, the court reserved ruling on the motion pending an evidentiary hearing on whether there had been "diligent search and inquiry" as to McAlice's residence address. At the time of evidentiary hearing, the trial court confined the evidence to the issue of whether constructive service had been effected in compliance with the statute. The court denied the motion and entered a default final judgment of mortgage foreclosure. Thereafter, McAlice timely filed a motion under rule 1.540 for relief from entry of default final judgment and the court denied the motion.
It is a fundamental principle of law that the constructive service statute is strictly construed against a plaintiff who seeks to obtain service of process under it. GMAZ v. King, 238 So.2d 511 (Fla. 2d DCA 1970); Callaghan v. Callaghan, 337 So.2d 986 (Fla. 4th DCA 1976); Mayo v. Mayo, 344 So.2d 933 (Fla. 2d DCA 1977). As stated in GMAZ, supra, at 514, quoting from the holdings in McDaniel v. McElvy, 91 Fla. 770, 108 So. 820, 831 (1926) and Klinger v. Milton Holding Company, 136 Fla. 50, 67-68, 186 So. 526, 534 (1938):

*403 "`When a complainant resorts to constructive service, he should make an honest and conscientious effort, reasonably appropriate to the circumstances, to acquire the information necessary to fully comply with the controlling statutes, to the end that the defendant, if it be reasonably possible, may be accorded notice of the suit.' [The] full test of this principle is whether the complainant reasonably employed knowledge at his command in making the appropriate effort spoken of. Where personal service of process cannot be had, then service of process by publication may be had upon the filing of an affidavit on plaintiff's behalf stating the residence of the person to be served as particularly as is known after `diligent search and inquiry.' In addition to the publication required ... notice of the suit must be mailed to such address as `diligent search and inquiry' may cause to be discovered. We note, parenthetically, the strict compliance with these statutory procedures, at the peril of rendering the proceedings void, is rudimentary."
Appellees, while they acknowledge certain defects in the service, maintain that the appellant is estopped to question the jurisdiction of the court in an action if he invokes the jurisdiction of that court in a subsequent action involving the same subject matter. Shurden v. Thomas, 134 So.2d 876 (Fla. 1st DCA 1961). In the instant case, McAlice did, in fact, file a quiet title action on the same real property; the suit was filed three days after Kirsch and Andersen had filed the affidavits to secure constructive service by publication upon appellant in the foreclosure action, and over two months subsequent to appellees' institution of foreclosure suit.
The appellate court in Shurden affirmed the trial court order and held that Shurden could not assert insufficiency of service of process as a ground for dismissal of the suit filed by appellee, Thomas, while on the same day filing a suit involving the same parties and subject matter, thereby attempting to invoke the jurisdiction of the same court she was claiming lacked jurisdiction over her person within the context of the suit filed by Thomas. The court stated at 878, 879:
"The conduct and actions of [the defendant] are subject to the doctrine of waiver and estoppel ... To hold that a race by the parties in litigation as to who can first run to the clerk's office and file a case involving the same subject matter and the same parties, or to hold that whomever the sheriff might happen to serve first, shall irrevocably control the status of the parties, would create chaotic conditions throughout the judicial system. We hold that [the defendant] waived the service of process and is estopped from asserting lack of jurisdiction by the trial court over her person."
The proposition espoused in Shurden is unsound when applied to the facts of the instant cause since the rationale of the Shurden holding was related to a motion to dismiss the first suit, and the underlying tactical reason for the motion having been filed was the designation of which party was to be "plaintiff" and which to be "defendant" in an automobile collision negligence case. By the Shurden court's holding the parties were still allowed to proceed with the cause with further pleadings, discovery, and motions  all theoretically to lead to trial.
A grave injustice would result in the instant case if McAlice, by the act of filing his quiet title action, were to be considered to have waived proper service of process and thereby be estopped from asserting lack of jurisdiction by the court in the foreclosure action. The inapplicability of the Shurden holding is increasingly apparent when one takes note that the appellees argue that the filing of the quiet title action estops McAlice from questioning the jurisdiction of the court which entered the default against him while they simultaneously take the position in their answer to the quiet title action that the entry of the default against McAlice in the mortgage foreclosure action is res judicata and thus prevents further proceedings in the quiet title action.
*404 Furthermore, and contrary to appellees' contention, the record does not conclusively show that McAlice was on notice that he was required to file a response in the foreclosure action, as it must be stressed that the notice and the complaint mailed to him to a post office box were patently inappropriate to make him aware that he was a named defendant in the cause; the record also fails to show that diligent search and inquiry was effectuated by the appellees in regard to McAlice's residence address.
In general, default judgments are not favored by the courts, and a court's discretion should be liberally exercised and all reasonable doubt resolved in favor of granting applications for relief so as to permit a determination of the controversy upon the merits. Imperial Industries, Inc. v. Moore Pipe & Sprinkler Co., 261 So.2d 540 (Fla. 3d DCA 1972). The purpose of a judgment by default is to speed the cause and prevent the defendant from impeding the plaintiff in the prosecution of his claim; defaults are not intended to furnish advantage to the plaintiff so that defense may be defeated or judgment reached without the difficulty that arises from contest by defendant. Hamilton v. Bogorad, Klein, Schulwolf, Masciovecchio, Inc., 275 So.2d 41 (Fla. 3d DCA 1973); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Publisher's Vending Service, Inc., 296 So.2d 570 (Fla. 3d DCA 1974); Country Clubs of Sarasota, Ltd. v. Zaun Equipment, Inc., 350 So.2d 539 (Fla. 1st DCA 1977). If original service of process is so defective as to amount to no notice, judgment based thereon must be deemed void. Craven v. J.M. Fields, Inc., 226 So.2d 407 (Fla. 4th DCA 1969). The order appealed is reversed and the cross-appeal as to appellees' attorney's fees need not be considered at this time.
Reversed and remanded with directions to vacate the default judgment and to permit the appellant to serve and file a responsive pleading in the foreclosure action.