432 So.2d 802 (1983)
Otis WIGGINS, d/b/a O.K. Wiggins Trailer Village, Appellant,
v.
PORTMAY CORPORATION, Appellee.
No. AM-135.
District Court of Appeal of Florida, First District.
June 15, 1983.
*803 Ray L. Wilson, Jacksonville, for appellant.
No appearance by appellee.
PER CURIAM.
This cause is before us on appeal from a final order denying appellant's motion to set aside a default judgment.[1] Appellee Portmay Corporation filed suit in Baker County to impress a landlord's lien against eleven mobile homes owned by appellant and located in Jacksonville. Service of process by publication was made in the Baker County Press, and default was entered by the clerk on March 18, 1981. Final judgment was entered, and appellant's property was subsequently sold to appellee by the clerk of the court. Appellant's motion for relief from judgment and motion to set aside final judgment were denied, and this appeal was taken.[2] We reverse.
This case involves two business associates who apparently had a falling out. Although it appears that both parties resided in Duval County prior to the suit, that the mobile homes in question were located in Duval County, and that the parties had not done any business with each other in Baker County, appellee chose to bring the action in Baker County because, as appellee's president put it, "[W]e had a sale for it, and I wanted some quick action to it. That's why we did it. I felt that we could do it a lot quicker there in Baker County." Appellee excused its failure to bring suit in Duval County pursuant to Section 47.011, Florida Statutes, by alleging that appellant was a nonresident of the state. Appellee accomplished service of process by publication based on an affidavit from Abe Fletcher, appellee's president, "that he has made diligent search and inquiry to determine the whereabouts of the Defendant and/or his residence herein, and that the same are unknown to the Plaintiff." This affidavit does not meet the technical requirements of Section 49.041, Florida Statutes, which requires not only that the statements show that diligent search and inquiry have been made but also that it set forth the residence of the defendant "as particularly as is known to the affiant."
*804 Service of process by publication against a defendant is ineffective to obtain personal jurisdiction over the defendant where his residence is known to plaintiff; under such circumstances, default and consequent default judgment against defendant are erroneously entered. Hyman v. Canter, 389 So.2d 322 (Fla. 3d DCA 1980). Appellant claims that at the time constructive service of process by publication was sought appellee either knew, or could have known by diligent inquiry, appellant's residence for purposes of serving him personally, and that the court therefore did not have personal jurisdiction over him at the time the default and default judgment were entered.
It is a fundamental principle of law that the constructive service statute is strictly construed against a plaintiff who seeks to obtain service of process under it. McAlice v. Kirsch, 368 So.2d 401 (Fla. 3d DCA 1979). The trial court should satisfy itself of the bona fides of the plaintiff seeking constructive service. Canzoniero v. Canzoniero, 305 So.2d 801 (Fla. 4th DCA 1975). In Gmaz v. King, 238 So.2d 511, 514 (Fla. 2d DCA 1970), the court examined the statutory requirement of "diligent search and inquiry":
The principle involved herein is clearly outlined in Klinger v. Milton Holding Co.:

"When a complainant resorts to constructive service, he should make an honest and conscientious effort, reasonably appropriate to the circumstances, to acquire the information necessary to fully comply with the controlling statutes, to the end that the defendant, if it be reasonably possible, may be accorded notice of the suit." [emphasis supplied]
and the full test of this principle is "* * * whether the complainant reasonably employed knowledge at his command" in making the appropriate effort spoken of. (Italics supplied) Where personal service of process cannot be had, then service of process by publication may be had upon the filing of an affidavit on plaintiff's behalf stating the residence of the person to be served as particularly as is known after "diligent search and inquiry." In addition to the publication required as aforesaid, notice of the suit must be mailed to such address as "diligent search and inquiry" may cause to be discovered. We note, parenthetically, the strict compliance with these statutory procedures, at the peril of rendering the proceedings void, is rudimentary. [footnotes omitted]
In McAlice, supra, the Third District Court of Appeal found that, where the record failed to show that diligent search and inquiry were effectuated by plaintiffs in regard to the defendant's residence address, the trial court lacked personal jurisdiction over the defendant, and the default judgment was void. The court noted that default judgments are not favored and that the court's discretion should be liberally exercised so that all reasonable doubt is resolved in favor of granting applications for relief so as to permit a determination of the controversy on the merits. 368 So.2d at 404. In Country Clubs of Sarasota, Ltd. v. Zaun Equipment, Inc., 350 So.2d 539, 543 (Fla. 1st DCA 1977), this court observed that the purpose of default is "to speed a cause and prevent a defendant from impeding the plaintiff in the prosecution of his claim" but that defaults are not intended "to furnish an advantage to a plaintiff so that a defense may be defeated or judgment reached without the difficulty that arises from a contest by the defendant." See, North Shore Hospital v. Barber, 143 So.2d 849 (Fla. 1962), in which the Florida Supreme Court noted its longstanding policy of liberality towards vacating defaults and held that if there is any reasonable doubt in the matter of vacating a default, it should be resolved in favor of granting the application and allowing the trial on the merits.
Conflicting evidence was presented to the trial judge in this case regarding appellant's place of residence and/or whereabouts during the period in question, as well as appellee's knowledge of appellant's whereabouts and the diligence of appellee's inquiries *805 therein. The reasonable doubt produced by this evidence, the failure of appellee's affidavit to meet the requirements of Section 49.041, Florida Statutes, and appellee's bringing of the action in a circuit other than that where the property in question was located and the parties' business was transacted are factors which, in view of the requirements for strict construction of the constructive service statute and for a liberal exercise of discretion in vacating defaults, mandate reversal of the default judgment entered by the trial court.
Accordingly, the judgment below is vacated and the cause remanded for further proceedings on the merits.
BOOTH, WIGGINTON and NIMMONS, JJ., concur.
NOTES
[1] We note that, although appellee's motion was titled "Motion for Summary Judgment" and is so referred to by appellant in his brief, the record indicates that what was involved was in fact a final judgment of default.
[2] Appellee has not seen fit to file a brief.