## NEW SUNRISE INVESTMENT CORP. v. LARRABEE
### Case No. 83-009 AP
Eleventh Judicial Circuit, Appellate Division, Dade County
April 12, 1985

### APPEARANCES OF COUNSEL

**Herman Cohen** for appellant.

**George S. Larrabee** pro se.

Before RIVKIND, SALMON, BARAD, JJ.

### OPINION OF THE COURT

BARAD, J.

Appellee filed a statement of claim in the County Court seeking return of its security deposit. Appellant responded by filing its Answer and Counter-claim. Trial was set for 10:00 a.m. Appellant's attorney showed up for trial 20 minutes late due to his attendance at the funeral of a relative. The trial court entered a default judgment in favor of

Appellee and refused to vacate same upon Appellants appearance in court and while the parties were still in court available to testify.

Appellant filed a verified motion to vacate the default judgment. Said motion contained an explanation of counsel's tardiness and referred to the Answer and Counter-claim filed heretofore by the Appellant. The Court denied the motion to vacate and this appeal ensued.

The setting aside of a default is within the sound discretion of the trial court, such discretion should be exercised liberally in granting application to vacate default judgments, so as to permit a trial on the merits.

In the light cast by Florida's established and salutory policy in favor of determining cases on their merits it is clear that the trial court incorrectly refused to set aside a default and default judgment. The facts in this case clearly reveal that the requirements of meritorious defenses, excusable, if any, neglect, due diligence, and most important of all, the requirements of justice have all been satisfied. The default may not be permitted to stand. *B.C. Builders Supply Co., Inc. v. Maldonado*, 405 So.2d 1345 (Fla. 3rd DCA 1981), *McAlice v. Kirsch*, 368 So.2d 401 (Fla. 3rd DCA 1979).

Reversed.