## DELLOW v STATE OF FLORIDA

Case No. 87-158 AC (County Court Case No. 6191BP)

Eleventh Judicial Circuit, Appellate Division, Dade County

February 4, 1988

### APPEARANCES OF COUNSEL

**William E. Dellow Jr.** for appellant.

**Yvette Rodes Prescott,** Assistant Attorney General, for the appellee.

Before TENDRICH, FULLER, KORNBLUM, JJ.

### OPINION OF THE COURT

KORNBLUM, A.

On December 1, 1986, Appellant was involved in a traffic accident which was not immediately reported to the police. A few days after the accident, Appellant reported it and Florida Uniform Traffic Citation

61911-BP was issued charging Appellant with failing to immediately report the accident. Appellant received the citation and signed it, promising to appear.

On December 5, 1986, citation 61918-BP was issued charging Appellant with violation of right-of-way resulting in an accident. This citation was not signed by Appellant. The record reflects a notation by the Administrative Judge of the Traffic Division at Arraignment that "Defendant has not been served with ticket. Do not enter plea but you may set case".

At the trial, the County Court found Appellant not guilty on Citation 61911-BP but found him guilty on Citation 61918-BP and assessed a fine plus costs.

Appellant complains that he was denied procedural due process and that the Court erred in denying his motion to dismiss for lack of jurisdiction.

Appellee argues that Appellant has failed to provide a record of the proceedings in the lower court and cannot demonstrate such error.

We agree that we cannot consider the lower court's treatment of the Appellant's motion to dismiss. There is no record of the motion or the court's action on it.

The record is clear, however, that Citation 61918-BP was not served upon Appellant. The question then is whether the Court ever had jurisdiction of the Appellant.

If the offense charged was a crime, then no doubt the lower court would not have had jurisdiction unless Appellant was arrested, *Campbell v. Dade County,* 113 So.2d 708, or served with a notice to appear pursuant to Rule 3.125 Florida Rules of Criminal Procedure.

The offense charged, however, is not a crime but a traffic infraction. Section 318.14 F.S. and Rule 6.320 Florida Traffic Rules provide that complaints in traffic matters be commenced by citation. It is clear from a reading of the statute and rule that the citation is a substitute for the criminal notice to appear and requires service and a promise to appear. The statute provides for the arrest of the violator upon his refusal to sign the promise to appear.

Since there was no service or promise to appear the Court had no jurisdiction unless there was a waiver or submission by the Appellant.

Indeed the State argues that by his appearance at arraignment and trial, Appellant did submit to the Court's jurisdiction.

Submission to jurisdiction may amount to a waiver on the part of a

150

defendant of his right to object to the Court's jurisdiction. *Coston v. State,* 198 So. 467.

A defendant not having been brought into court as required by law, taking action consistent only with the hypothesis that the court has jurisdiction of his person, has submitted himself to its jurisdiction. *Shurden v. Thomas* (1961 Fla. App. D1) 134 So.2d 876.

We have no record to show Appellant's action in the lower court. It would appear from the Court's notation, however, that Appellant did in fact challenge the Court's jurisdiction at the arraignment. Having done so, we cannot say his actions were consistent only with the hypothesis that the court had jurisdiction over his person.

We conclude, therefore, that the trial court did not have jurisdiction.

Reversed with directions to dismiss for lack of jurisdiction.