462 So.2d 561 (1985)
MAJOR APPLIANCES, Inc., a Florida Corporation, Appellant,
v.
MOUNT VERNON FIRE INSURANCE COMPANY, Appellee.
No. 84-481.
District Court of Appeal of Florida, Third District.
January 15, 1985.
Rehearing Denied February 12, 1985.
*562 Klein, Oshinsky & Solomon and Michael Solomon, Hallandale, for appellant.
Walton, Lantaff, Schroeder & Carson and Todd DerOvanesian, Jr. and Sally Doerner, Miami, for appellee.
Before NESBITT, BASKIN and FERGUSON, JJ.
PER CURIAM.
Plaintiff appeals an order denying its motion for default and granting defendant-insurer's motion to dismiss. We reverse.
A number of issues are raised by this appeal, but the central question is whether, under the substituted service of process statute, the failure of delivery of a notice of suit was chargeable to the defendant-insured. See § 48.161(1), Fla. Stat. (1983) (method of substituted service on nonresident). We hold that because the failure to satisfy this statute was owing to the conduct of the defendant-insured, plaintiff was excused from strict compliance with the statutory requirements.
Plaintiff brought suit against John Mercer Terminal Warehouse Co., Inc. [herein-after John Mercer], and its insurer, for the corporation's alleged failure to return certain merchandise which had been placed in storage. Service was effected on the corporation's business agent and office manager. At the time the state court action was filed, unknown to plaintiff, John Mercer was involved in bankruptcy proceedings. An order restraining the bringing or prosecution of any civil claim against John *563 Mercer had been entered by a federal district court prior to the filing of the state court action. The corporation was involuntarily dissolved for failure to file its 1976 annual report. After John Mercer had been discharged in bankruptcy, the plaintiff attempted substituted service of its amended complaint on one of the members of the corporation's last board of directors, Barbara Strang, at the address reflected in the corporation's 1975 annual report. The receipt for certified mail was returned marked "unclaimed" and "unknown."
Plaintiff then moved for default against John Mercer based on its last attempt at substituted service of the amended complaint on Barbara Strang. It later filed an amended motion for default directed to service of the original complaint on the business agent of the then active defendant. This motion was denied, as was plaintiff's renewed motion for default based on the substituted service of the amended complaint. The trial court also granted defendant insurer's motion to dismiss the complaint. On rehearing, the court clarified that its reasons for dismissal were that (1) the original service was invalid due to the pending bankruptcy of John Mercer, and (2) the substituted service of the amended complaint was invalid due to the lack of a return receipt signed by a trustee of John Mercer. This appeal is brought from the order of dismissal.
The controlling authority is Zarcone v. Lesser, 190 So.2d 805 (Fla. 3d DCA 1966). As in this case, the plaintiff in Zarcone had attempted to effect substituted service on a nonresident defendant, but the registered letters were returned marked "unclaimed." The court, for procedural reasons not pertinent here, had declined to rule on defendant's motion to quash service for failure to comply with the substituted service statute. In ordering the trial court to proceed to determination on the merits of the motion to quash, this court held that if the notices mailed to defendant were returned because of fault on the part of defendant, then the lack of a return receipt would not invalidate the service and plaintiff would be excused for failure to file the receipt as required by the statute.
The plaintiff in this action relied upon the address contained in John Mercer's last annual corporate report. A number of cases from other jurisdictions have held, as we hold here, that where the nonresident defendant doing business in the state fails to file a correct address for the purpose of substituted service, plaintiff's attempt to effect service at the address furnished by defendant is valid. See Greenwood v. White, 25 A.D.2d 73, 266 N.Y.S.2d 1012 (1966); Hendershot v. Ferkel, 144 Ohio St. 112, 56 N.E.2d 205 (1944); Williams v. Egan, 308 P.2d 273 (Okla. 1957).
We do not reach the plaintiff's alternative position that its first attempt at service on John Mercer's business agent and office manager was valid even though the federal court stay was in effect at that time. Further, we find no merit in the alternative theories for affirmance urged by the defendant-insurer.[1]
*564 Reversed and remanded for further proceedings.
NOTES
[1] We reject the defendant's contention that this suit was untimely commenced pursuant to section 607.297, Florida Statutes (1983), which permits actions against a dissolved corporation only within three years of the dissolution. An action is deemed commenced upon the filing of the complaint, Fla.R.Civ.P. 1.050, and the date that service of process is effected is not relevant to that determination. The complaint in this action was filed on August 27, 1976. The fact that a stay had been granted by a federal district court on March 10, 1976, does not support the defendant's position, as the federal court stay tolled the time period for bringing an action in the state court. See Lincoln Joint Stock Land Bank v. Barnes, 143 Neb. 58, 8 N.W.2d 545, cert. denied, 320 U.S. 781, 64 S.Ct. 191, 88 L.Ed. 469 (1943) (where mortgagee was enjoined by a federal court from proceeding with state foreclosure action, statute of limitations did not run during the period that mortgagee was prevented from exercising his legal remedy).

We need not decide whether the filing of a complaint during the period of a court-imposed stay of commencement and prosecution of a civil action will ever constitute a nullity. On the facts of this case, we would not give the restraining order that effect since plaintiff was a creditor which should have been listed as such and given notice of the existence of the proceedings, but was not. We interpret the restraining order as suspending the complaint during the pendency of the stay. Plaintiff's civil action was thus effectively commenced on the date the restraining order was lifted.