570 So.2d 1087 (1990)
Scott HANNA, Appellant,
v.
Jack Richard MILLBYER, et al., Appellees.
No. 90-2305.
District Court of Appeal of Florida, Third District.
December 4, 1990.
Barnett, Clark & Barnard and Jim Clark and Frances F. Guasch, for appellant.
Cunningham, Albritton, Lenzi, Warner, Miller & Erskine and Neta F. Seiber, for appellees.
Before SCHWARTZ, C.J., and BARKDULL and GERSTEN, JJ.
SCHWARTZ, Chief Judge.
The order under review denied a motion to quash substituted service of process on the defendant driver through the secretary of state based on the allegation that the defendant was concealing his whereabouts. § 48.171, Fla. Stat. (1989). We reverse because (1) the plaintiffs' showing, which was only that the process server could not effect personal service on the defendant at his last known address, was woefully insufficient to establish their "due diligence" or the existence of concealment, Wiggam v. Bamford, 562 So.2d 389 (Fla. 4th DCA 1990); Torelli v. Travelers Indem. Co., 495 So.2d 837 (Fla. 3d DCA 1986); Leviten v. Gaunt, 360 So.2d 112 (Fla. 3d DCA 1978); Lendsay v. Cotton, 123 So.2d 745 (Fla. 3d DCA 1960); compare Fernandez v. Chamberlain, 201 So.2d 781 (Fla. 2d DCA 1967), cert. denied, 207 So.2d 454 (Fla. 1967); Steedman v. Polero, 181 So.2d 202 (Fla. 3d DCA 1965); and (2) mandatory procedural requirements, including the filing of an affidavit of compliance and a notification of service, see § 48.161(1), Fla. Stat. (1989), were not satisfifed. See Gloucester Engineering, Inc. v. Mendoza, 489 So.2d 141 (Fla. 3d DCA 1986); Bejar v. Garcia, 354 So.2d 964 (Fla. 3d DCA 1978); Zarcone v. Lesser, 190 So.2d 805 (Fla. 3d DCA 1966).
Reversed.