750 So.2d 140 (2000)
Barry CHAPMAN, Appellant,
v.
Lottie F. SHEFFIELD and her husband, Malcolm M. Sheffield, Appellees.
No. 1D99-1197.
District Court of Appeal of Florida, First District.
January 27, 2000.
*141 Michel L. Stone of Stone & Sutton, P.A., Panama City, for Appellant.
Wallace W. Hardy of McConnaughhay, Duffy, Coonrod, Pope & Weaver, Tallahassee, for Appellees.
PADOVANO, J.
This is an appeal from a nonfinal order denying a motion to quash service of process. We conclude that the plaintiffs failed to comply with the applicable statutory requirements for substituted service of process on nonresidents. Consequently, we reverse with instructions to grant the motion to quash.
Lottie and Malcolm Sheffield filed suit against Barry Chapman for personal injuries sustained in an automobile collision on October 14, 1991. Chapman is not a Florida resident, but the complaint alleges that he is subject to the jurisdiction of the Florida Courts because he negligently operated a motor vehicle causing injury within the state. The collision that is the subject of the litigation occurred in Panama City, Florida.
At the time of the collision, Mr. Chapman was residing with his wife, Cheryl, at 1448 Milner Crescent Road in Birmingham, Alabama. He listed this address in the traffic crash report prepared by the investigating officer. The Sheffields filed the complaint in Bay County, Florida on October 13, 1995, and attempted to obtain substituted service of process. They *142 served the Secretary of State as required by statute, and then forwarded a copy of the summons and complaint by certified mail to Chapman's address in Birmingham. Cheryl Chapman signed the postal receipt indicating that she was authorized to accept delivery of the documents on her husband's behalf.
Chapman moved to quash the service of process on the ground that the method of service was ineffective to confer personal jurisdiction. Specifically, he represented to the court that he was not a resident of the State of Alabama at the time of the certified mail delivery. The motion was supported by the affidavit of Cheryl Chapman who stated that she was separated from her husband, and that he had not lived with her at the Milner Crescent Road address since August of 1992. Mrs. Chapman admitted that she had signed the receipt for the certified mail delivery of the summons and complaint but stated that Mr. Chapman had not given her authority to accept papers on his behalf. She explained that she had signed for the papers because she wanted to maintain the appearance that a man was living in the house. The plaintiffs did not submit an affidavit in opposition to the motion.
The trial court discounted Cheryl Chapman's explanation for signing the postal receipt and ultimately determined that the plaintiffs had "substantially complied" with the requirements for due diligence under the nonresident motorist statute. Based on this finding, the trial court denied the motion to quash service of process. Chapman then filed this appeal to review the order.
We have jurisdiction, even though the order does not dispose of the controversy in the trial court. Rule 9.130(a)(3)(C)(i) of the Florida Rules of Appellate Procedure provides that an order determining personal jurisdiction is appealable before rendition of the final judgment, see Pacific Tel. & Tel. Co. v. Geist, 505 So.2d 1388 (Fla. 5th DCA 1987); American Vision Ctr., Inc. v. National Yellow Pages Directory Serv., Inc., 500 So.2d 642 (Fla. 2d DCA 1986), and an order on a motion to quash service of process is one that determines personal jurisdiction. See, e.g., Reinauer v. Greenman Adver. Assocs., Inc., 503 So.2d 975 (Fla. 4th DCA 1987); Local No. 666, Concrete Prods. and Material Yard Workers v. Dennis, 453 So.2d 1138 (Fla. 4th DCA 1984); Far Out Music, Inc. v. Jordan, 438 So.2d 912 (Fla. 3d DCA 1983). It follows that the order denying the motion to quash the substituted service in this case is subject to immediate review by appeal.
Substituted service is based on an agency theory; that is, an agent is designated by statute to receive service of process on behalf of the defendant, and service is then made on the agent in place of the defendant. See Paleias v. Wang, 632 So.2d 1132 (Fla. 4th DCA 1994). Section 48.171, the applicable statute in this case, designates the Secretary of State as the agent for a nonresident defendant who has caused injury by the ownership or operation of a motor vehicle within the state.
The method of effecting substituted process is outlined in section 48.161, Florida Statutes. According to this statute, the plaintiff must serve the designated agent and mail a copy of the summons and complaint to the defendant by registered or certified mail. The plaintiff must then file the return receipt for the papers mailed to the defendant along with an affidavit showing compliance with the applicable statute.
Sections 48.161 and 48.171 create an exception to the general rule that the defendant must be personally served. See Wyatt v. Haese, 649 So.2d 905 (Fla. 4th DCA 1995). Hence, these statutes are to be strictly construed. See Wyatt; Linn v. Kidd, 714 So.2d 1185 (Fla. 1st DCA 1998); Gloucester Eng'g, Inc. v. Mendoza, 489 So.2d 141 (Fla. 3d DCA 1986). The party making substituted service of process must show that the conditions exist to invoke the applicable statute and that the procedural *143 requirements of the statute have been met.
In the present case, the Sheffields failed to present the required evidence that Chapman had received the summons and complaint. Section 48.161 provides in material part that the party making substituted service must file a copy of "the defendant's" return receipt. A strict interpretation of this statute compels us to conclude that, when service is attempted on a defendant who is a natural person, the receipt must be signed by the defendant and not by someone who purports to act on the defendant's behalf. Had the legislature intended to authorize other persons to sign for the defendant in a representative capacity, it could have expressed that intention in the statute.[1] The absence of such a provision supports our conclusion that the defendant must sign the receipt.
We recognize that the court may dispense with the filing of a postal receipt if a substituted service statute is invoked on the ground that the defendant is evading service. See Robb v. Picarelli, 319 So.2d 645 (Fla. 3d DCA 1975); Fernandez v. Chamberlain, 201 So.2d 781 (Fla. 2d DCA 1967). To require the plaintiff to produce a mailing receipt in such a case would frustrate the very purpose of the statute. In this case, however, the Sheffields did not allege that Chapman was concealing his whereabouts, or that they had exercised due diligence in attempting to locate him. Instead, they elected to make substituted service under section 48.171 on the sole ground that Chapman was a nonresident who had caused a motor vehicle accident within the state.
The Sheffields argue that they were justified in sending the summons and complaint to the Milner Crescent Road address, because that was the address Chapman gave on the official crash report. This argument overlooks the fact that the complaint was not filed until four years after the accident. It is reasonable to assume that the defendant's living arrangements may have changed in that time. In any event, the Sheffields did not attempt to refute Cheryl Chapman's sworn statement that Mr. Chapman had moved out of the residence and that she was not authorized to accept his mail. As the supreme court explained in Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla. 1989), once the defendant has submitted an affidavit showing that the court lacks personal jurisdiction, the burden shifts to the plaintiff to prove the basis upon which jurisdiction may be asserted.
We acknowledge the suggestion in George Fischer, Ltd. v. Plastiline, Inc., 379 So.2d 697, 699 (Fla. 2d DCA 1980), that mail directed to a corporation can be accepted by any person having apparent authority to act on behalf of the corporation, but we find that case to be distinguishable. Because a corporation can only act through its agents, mail addressed to the corporation would always be accepted or declined by a representative. Moreover, the court in Plastiline determined that the service of process was valid, in part because the carefully worded defense affidavit never actually stated that the person who signed the postal receipt was not authorized to act on behalf of the corporation. In contrast, the affidavit in the present case provides unrefuted evidence that Cheryl Chapman was not authorized to accept mail on behalf of her estranged husband, Barry Chapman.
For these reasons, we conclude that substituted service of process was invalid. Consequently, the trial court did not acquire personal jurisdiction over the defendant. The error does not require dismissal *144 of the complaint at this time, but the decision of the trial court must be reversed insofar as it denies the defendant's motion to quash service of process.
Reversed.
JOANOS and WEBSTER, JJ., CONCUR.
NOTES
[1] Such a provision is included, for example, in section 48.031(1)(a), Florida Statutes, which states that any person residing at the defendant's usual place of abode who is older than fifteen can accept service of process for the defendant. In contrast, section 48.161, Florida Statutes contains no provision authorizing a representative to accept service by certified mail on the defendant's behalf.