773 So.2d 587 (2000)
ALL MOBILE VIDEO, INC., Appellant,
v.
Wanda J. WHITENER and John Mark Whitener, Appellees.
No. 1D00-902.
District Court of Appeal of Florida, First District.
November 28, 2000.
*588 Brian S. Duffy and Gregory C. Harrell, of McConnaughhay, Duffy, Coonrod, Pope & Weaver, P.A., Tallahassee, for Appellant.
Benjamin D. Rust, of Benjamin D. Rust, P.A., Tallahassee; and Patrice A. Talisman, of Hersch & Talisman, P.A., Miami, for Appellees.
PER CURIAM.
This is an appeal from non-final orders denying Appellant's Motion to Set Aside Default and Renewed Motion Set Aside Default based on improper service of process and excusable neglect. While we find that Appellant failed to demonstrate excusable neglect, we do find that Appellees failed to strictly comply with the rules of substituted service. Accordingly, for the reasons set forth below, we reverse.
According to the allegations of the complaint, Wanda J. Whitener fell from Appellant's trailer on February 11, 1999, in Leon County. Appellant is a non-resident corporation based in New York. Within one week of the accident, Appellees notified Appellant of the incident, by way of a facsimile letter sent to Appellant's New York office, and indicated that they were represented by counsel. According to affidavits, Wanda Whitener also had direct telephone conversations with representatives of Appellant at the New York office. Beginning in June of 1999, Appellees' counsel was also in contact with Appellant's insurance company by telephone and facsimile, including a facsimile sent on October 25, 1999.
Appellees then filed their Complaint just two days later on October 27, 1999. Because Appellant was a non-resident corporation without a registered agent in the State of Florida, Appellees attempted to employ substituted service of process pursuant to sections 48.181 and 48.161(1), Florida Statutes (1999). They served the Florida Secretary of State and then attempted to send copies of the summons, service, and complaint to Appellant by certified mail. Rather than asking a representative of Appellant or its insurance company for an address for service of process, Appellees chose to send the documents to the law firm that was designated as Appellant's service of process address in the corporate documents on file with the New York Department of State. The mail to this law firm was returned as undeliverable because this law firm had dissolved back in 1976. Counsel for Appellees did *589 not contact Appellant to obtain a working address. Instead, his only attempt to find a valid address for Appellant was through a telephone call to directory assistance in the former law firm's city to attempt to find a listing for that law firm. When this was unsuccessful, Appellees moved for and obtained a default.
Appellees next contacted Appellant's insurance company by facsimile and informed it of the default. This was when Appellant first learned of the suit. Appellant responded by filing a Notice of Appearance by counsel, an Answer and Affirmative Defenses, and a Motion to set Aside Default based on improper service and excusable neglect. After a hearing, the trial court denied the motion without prejudice, and Appellant filed a Renewed Motion to Set Aside Default. Another hearing was held, and the trial court again denied the motion. The trial court, relying on Major Appliances, Inc. v. Mount Vernon Fire Insurance Co., 462 So.2d 561 (Fla. 3d DCA 1985), found that Appellees had complied with section 48.161 by attempting to serve Appellant's listed service of process address, which was the only address on file with the New York Department of State. It also found that Appellant could not argue excusable neglect based on its law firm's failure to resign as its service of process agent. The fact that Appellant did not know that a law firm which had dissolved 24 years ago was listed as its service of process agent and that it was not in compliance with New York law by failing to file biennial reports that listed the name and business address of its chief executive officer demonstrated gross negligence, not excusable neglect.
Any foreign corporation that conducts business in the State of Florida and does not have a registered agent in the state accepts the Florida Secretary of State as its substituted agent for service of process. See sec. 48.181, Fla. Stat. (1999). When serving a nonresident corporation, a person may employ substituted service by: 1) "serving a public officer designated by law;" 2) sending notice of service and a copy of the process by registered or certified mail to the defendant; and 3) filing the defendant's return receipt and an affidavit of compliance. See sec. 48.161(1), Fla. Stat. (1999). The question in this case is whether Appellees may be excused from strict compliance with the third requirement.
"The longstanding policy in Florida is one of liberality toward vacating defaults, and any reasonable doubt with regard to setting aside a default should be resolved in favor of vacating the default and allowing trial on the merits." Allstate Insurance Co. v. Ladner, 740 So.2d 42, 43 (Fla. 1st DCA 1999). A default judgment "is not [a] procedure intended to furnish an advantage to the plaintiff so that a defense may be defeated or a judgment reached without the difficulty that arises from a contest by the defendant." Coggin v. Barfield, 150 Fla. 551, 8 So.2d 9, 11 (Fla.1942). Each case should be evaluated under the totality of the circumstances of that specific case. See Edwards v. City of Fort Walton Beach, 271 So.2d 136, 137 (Fla.1972) (holding "the facts of each case are of singular importance in determining whether or not relief under RCP 1.540(b) should be granted").
A plaintiff must demonstrate strict compliance with the statutes for substituted service. See Chapman v. Sheffield, 750 So.2d 140 (Fla. 1st DCA 2000); Callaghan v. Callaghan, 337 So.2d 986 (Fla. 4th DCA 1976); Atlas Van Lines, Inc. v. Rossmoore, 271 So.2d 31, 33 (Fla. 2d DCA 1972) ("The purpose of our `long arm' statutes is to subject certain nonresidents to the Jurisdiction of Florida courts, not to trials without notice and opportunity to defend; strict compliance therewith is therefore absolutely required."). The plaintiff must also "reasonably employ knowledge at his command, so that, if possible, the defendant will have notice of the suit." McAlice v. Kirsch, 368 So.2d 401 (Fla. 3d DCA 1979). When a plaintiff relies upon constructive service, "he should reasonably make an honest and conscientious effort, reasonably appropriate to the circumstances, to acquire the information *590 necessary to fully comply with the controlling statutes." McDaniel v. McElvy, 91 Fla. 770, 108 So. 820, 831 (1926).
This court has held that, in order to comply with section 48.161, plaintiffs who seek to employ substituted service but fail to obtain a return receipt must allege that the defendant is "concealing his whereabouts, or that they had exercised due diligence in attempting to locate him." Chapman, 750 So.2d at 143. Thus, the failure of delivery of service must be attributable to the defendant. See Robinson v. Cornelius, 377 So.2d 776 (Fla. 4th DCA 1979).
In this case, the trial court relied on Major Appliances, which held that when a nonresident corporation doing business in this state "fails to file a correct address for the purpose of substituted service, plaintiff's attempt to effect service at the address furnished by defendant is valid." Major Appliances, 462 So.2d at 563. In Major Appliances, the plaintiff was trying to serve a dissolved corporation and used the address contained in the last annual corporate report that was filed before dissolution.
We find that the facts of this case are distinguishable from those in Major Appliances. Here, Appellant was still in business, and Appellees knew how to contact representatives of Appellant and Appellant's insurance company by at least both facsimile and telephone. Appellant's listing with the New York Department of State is inexcusable, but its negligence in this regard does not negate the fact that Appellees failed to use knowledge at their command and exercise due diligence in attempting to notify Appellant of the suit.
Accordingly, we REVERSE the non-final order and REMAND with instructions to set aside the default.
MINER and ALLEN, JJ., and SMITH, LARRY G., Senior Judge, CONCUR.