823 So.2d 175 (2002)
Paul De VICO, a/k/a Paul DeVico, Appellant,
v.
The CHASE MANHATTAN BANK, as trustee, etc., et al., Appellees.
No. 3D01-1442.
District Court of Appeal of Florida, Third District.
July 10, 2002.
Paul De Vico, in proper person.
Butler & Hosch and Thomasina F. Moore (Orlando), for Chase Manhattan.
Howard L. Kuker, Miami, for appellees.
Before SCHWARTZ, C.J., and COPE and LEVY, JJ.
PER CURIAM.
Paul De Vico appeals from an Order denying his Objection to Sale of Foreclosed Property and Motion for Relief from Final Judgment. We reverse.
After filing its Complaint to Foreclose Mortgage and Reestablish Note and Mortgage, the lender attempted service on the appellant at his address in New York on November 8, 2000, and November 15, 2000. The record reflects that, on both days, the process server was informed by the appellant's doorman that the appellant was in Florida. Rather than making any additional attempts to personally serve the appellant, the lender instead swore to its Affidavit of Diligent Search on November 16, 2000, and proceeded with constructive service.
Subsequently, a Default and Summary Final Judgment for Foreclosure were entered against the appellant. The mortgaged property was purchased at auction by a third party on March 29, 2001. On April 11, 2001, the appellant filed his Objection to Sale and Motion for Relief from Final Judgment, contending that constructive service was improper. The trial court denied the Motion.
*176 When a plaintiff relies upon constructive service, "he should make an honest and conscientious effort, reasonably appropriate to the circumstances, to acquire the information necessary to fully comply with the controlling statutes." McAlice v. Kirsch, 368 So.2d 401, 403 (Fla. 3d DCA 1979) (quoting GMAZ v. King, 238 So.2d 511 (Fla. 2d DCA 1970)). Here, the record reflects an insufficient amount of reasonable efforts employed to personally serve the appellant to justify using constructive service.
Based on the foregoing, the lack of reasonable efforts employed to serve the appellant should be apparent to any party that reviews the record, including those who may claim to be a bona fide purchaser of the property. Accordingly, we reverse and remand to the trial court with directions to vacate the Default, the Summary Final Judgment for Foreclosure, and the sale of the property to the third-party purchaser.
Reversed and remanded with instructions.