SHEPHERD, J.,
dissenting.
I respectfully dissent.
This is an appeal from an order denying Appellant’s, 818 Asset Management, LLC, Sworn Motion to Set Aside Default and Final Judgment of Foreclosure. Appellee, Judy Neiman, was the purchase money mortgagee on the sale of the foreclosed property, a condominium unit located in Miami Beach, to 818 in March 2004. Nei-man alleged in her foreclosure complaint that 818 had defaulted under the terms of the mortgage, by failing to make the required monthly mortgage payments.
Unable to serve 818 either at the location of its purported resident agent or the *662 condominium unit,[2] Neiman sought to serve the company by substituted service of process, pursuant to section 48.181(1) of the Florida Statutes (2007), alleging that “[818] ha[d] concealed its whereabouts while engaging in or carrying on a business venture within the State of Florida.” 818⅛ sole principal and managing member, Esther Counné, countered in 818⅛ sworn motion that Neiman at all times knew of her whereabouts, including the critical period during which the substituted service was made and the required statutory notice was mailed to her. See § 48.161(1), Fla. Stat. (2007). Because this sworn testimony is unrebutted by Nieman, I believe we legally are compelled to reverse the order appealed and remand with directions to vacate the final judgment of foreclosure.[3]
818 is a limited liability company, created pursuant to the Florida Limited Liability Company Act. See §§ 608.401-.705, Fla. Stat. (2007). Florida limited liability companies are required by law to “have and continuously maintain in this state: (a) ‘A registered office’ and ‘(b) A registered agent.’ ” § 608.415(l)(a)-(b) Fla. Stat. (2007). Florida limited liability companies also must report and keep current the address of the registered office and name of the registered agent in the records of the Florida Secretary of State. § 608.416, Fla. Stat. (2007). A breach of this obligation by a Florida limited liability company constitutes the appointment of the Secretary of State as the company’s substituted agent for service of process. See § 48.181(1); All Mobile Video, Inc. v. Whitener, 773 So.2d 587, 589 (Fla. 1st DCA 2000). In this case, Neiman’s attempt to serve process on 818 at the address recorded with Florida’s Secretary of State was returned unexecuted because, according to the return of service, “[neither the] corporation [n]or registered agent are [ ] located at [this] address.” As a matter of law, then, 818 designated the Florida Secretary of State as its resident agent for the service of process. See § 48.181(1).
In such a case, a plaintiff can elect to effectuate service on the Florida Secretary of State by (1) serving the public officer designated by law; (2) sending notice of service and a copy of the process by registered or certified mail to the defendant; and (3) filing the defendant’s return receipt and an affidavit of compliance. See § 48.161(1), Fla. Stat. (2007); All Mobile Video, 773 So.2d at 589. Neiman satisfied the first pre-requisite for proper service by serving the Florida Secretary of State. She attempted to satisfy the second prerequisite by mailing a copy of the notice of service and the process by certified mail to Counné at the registered office address where attempted service of process already had been unsuccessful, and also the condominium unit in foreclosure.[4] Howev *663 er, taking as true — as we must — the aver-ments in Counné’s Sworn Motion to Set Aside Default and Final Judgment of Foreclosure, that she had “regular, if not frequent, telephone contact [with Neiman] both before and after the initiation of this action,” and that “she continued making mortgage payments after the initiation of the foreclosure action and Ms. Neiman accepted such payments,” allegedly including two payments during the period her counsel was effectuating service on 818, Neiman’s failure to follow an obvious lead to Counné’s whereabouts — asking Counné herself — renders the attempted service invalid.
The facts of this case closely mirror All Mobile Video. In All Mobile Video, as in the case before us, the plaintiff sought to effectuate substituted service of process on All Mobile Video pursuant to sections 48.181(1) and 48.161(1) of the Florida Statutes (1999). Id. at 588. As in our case, the corporate defendant was without a locatable registered agent in Florida. Id. However, the plaintiff, her counsel, and her insurance carrier were all in contact with representatives of the defendant’s New York office. Id. However, when it came time to satisfy prong two of section 48.161(1), the plaintiff chose to send the required notice of service and the process to the address of a long since defunct, former law firm designated as All Mobile Video’s resident agent in the State of New York, rather than to the company’s current office. Id. at 588-89. All Mobile Video learned of the default taken against them after the plaintiff so advised All Mobile Video’s insurance company. Id. at 589. The First District Court of Appeal reversed the order of default, stating defendant’s failure to accurately register the business’s listing with the New York Department of State did not excuse the plaintiff from his burden “to use knowledge at [his] command and exercise due diligence in attempting to notify [the defendant] of the suit.” Id. at 590. The court explained that “to comply with section 48.161, plaintiffs who seek to employ substituted service but fail to obtain a return receipt must allege that the defendant is ‘concealing his whereabouts, or that they had exercised due diligence in attempting to locate him.’ ” Id. (quoting Chapman v. Sheffield, 750 So.2d 140, 143 (Fla. 1st DCA 2000)). Plaintiffs also must “reasonably employ knowledge at [their] command so that, if possible, the defendant will have notice of the suit.” All Mobile Video, 773 So.2d at 589 (citing McAlice v. Kirsch, 368 So.2d 401, 403 (Fla. 3d DCA 1979) (“When a complainant resorts to constructive service, he should make an honest and conscientious effort, reasonably appropriate to the circumstances, to acquire the information necessary to fully comply with the controlling statutes.”)).[5]
*664 In the case before us, Counné attested in her sworn motion that she was in “regular, if not frequent, telephone contact” with Neiman during the time Neiman was effectuating substituted service process on Counné via section 48.161(1) of the Florida Statutes. That testimony is unrebutted. It also is clear from the record that Nei-man knew or should have known that Counné was the managing member of 818. At no time during this period did Neiman seek to obtain from Counné her current address (or, if it be the case, why it was not possible to do so). Counné’s failure to accurately register 818’s resident office and agent with the Florida Secretary of State did not excuse Neiman from her obligation to use the knowledge at her command to see that 818 received actual notice of the action. For this reason, I would reverse the order denying 818’s Sworn Motion to Set Aside Default and Final Judgment of Foreclosure.

.The concurrence contends Neiman "attempted to serve Counné [at the condominium] multiple times ... over a period of many months.” See supra p. 661. That is not so. Neiman made but a single attempt to effectuate service on Counné at that location — on April 26, 2007. The return states: "Unit 3D Unable to make contact with anyone at address.” The only other attempt at personal service on Counné was the unsuccessful attempt to serve the resident agent, also on the same date, immediately before proceeding to Counné's home. On this meager effort, Nei-man abandoned personal service and, instead, proceeded to substitute service.

. Neiman was the purchaser at the judicial sale. Thus, there is no concern over a purchase by an innocent third-party purchaser of the property in this case. Cf. De Vico v. Chase Manhattan Bank, 823 So.2d 175, 175-76 (Fla. 3d DCA 2002).

. It appears this certified mailing, which occurred on May 29, 2007, and one other— Neiman's certified mailing of a demand letter *663 on February 9, 2007, forms the entire basis for the concurrence's sweeping conclusion at page five that for "a period spanning eight months, Counné [from February through September, 2007] ... did not claim her mail while at home and made no arrangements whatsoever to either have it forwarded or to otherwise obtain it.”

. Other cases from this district express the same sentiment or apply the same principle. See, e.g., Hanna v. Millbyer, 570 So.2d 1087, 1087 (Fla. 3d DCA 1990) (reversing order denying a motion to quash substituted service of process on the basis the plaintiffs presented insufficient evidence to establish due diligence of existence of concealment); Torelli v. Travelers Indent. Co., 495 So.2d 837, 838 (Fla. 3d DCA 1986) (reversing an order denying a motion to set aside a default final judgment where the injured plaintiff failed to make inquiry of the defendant’s known attorney); Leviten v. Gaunt, 360 So.2d 112, 113 (Fla. 3d DCA 1978) (reversing order denying motion to quash service of process where the plaintiff who alleged the defendant “concealed her whereabouts” failed to pursue two individuals whose names and addresses were provided to *664 the plaintiff by the defendant's parents); Bird v. Int’l Graphics, Inc., 362 So.2d 316, 317 (Fla. 3d DCA 1978) (reversing denial of motion to vacate default judgment on the basis the failure of the sheriff and a process service to locate the defendant at three different addresses furnished by the plaintiff was not enough to establish concealment); Fleischman v. Morris, 260 So.2d 278, 279 (Fla. 3d DCA 1972) (reversing order denying motion to vacate default and final judgment where affidavit and record reflected sufficient search and inquiry was not made to ascertain whether appellants were concealing their whereabouts).