LAGOA, J.
 

 Beverly Delaney (“Delaney”) appeals from an order dismissing her action against appellee, Andrew Tobias (“Tobi-as”), for insufficiency of service. Because Delaney properly and timely perfected substituted service on Tobias, we reverse.
 

 I.
 
 FACTUAL AND PROCEDURAL HISTORY
 

 In 2006, Delaney filed a premises liability action against Tobias for injuries she suffered after a slip and fall accident at an apartment building owned by Tobias. Despite continued efforts to serve Tobias personally at two addresses, including a gated residence in Florida, Delaney was unsuccessful in serving him despite an extension of time to perfect service.
 

 As a result, Delaney proceeded to seek substituted service. Delaney filed an amended complaint, which stated the necessary requirements for substituted service in compliance with sections 48.161 and 48.181, Florida Statutes, and further filed a motion for another extension of time to
 
 *79
 
 perfect service.
 
 [1]
 
 Delaney also attached an Affidavit of Diligent Search to the Amended Complaint, which described Delaney’s efforts to locate and serve Tobias. The trial court granted Delaney’s motion for an extension of time to perfect service on Tobias.
 

 As a result of the extension, on February 14, 2008, the Secretary of State was served, and the notice of service on the Secretary of State was mailed to Tobias by regular and certified mail. Subsequently, after receiving a certified mail receipt for the notice of service on Tobias, Delaney filed a Notice of Filing Affidavit of Service with the trial court.
 

 Shortly thereafter, Tobias sought to quash service and to dismiss the complaint, contending that Delaney did not demonstrate due diligence or that Tobias had concealed his whereabouts. In response, Delaney argued that the substituted service was sufficient. The trial court quashed service of process, and dismissed the complaint finding that the affidavit did not demonstrate due diligence. This appeal ensued.
 

 II.
 
 ANALYSIS
 

 Section 48.181(1) provides for substituted service on residents who conceal their whereabouts and engage in a business in Florida.
 
 [2]
 
 The plaintiff must “show by affidavit or otherwise that sufficient search and inquiry was actually made to ascertain that the defendant was concealing his whereabouts.”
 
 Bird v. Int’l Graphics, Inc.,
 
 362 So.2d 316, 317 (Fla. 3d DCA 1978). In relying upon substituted service, Delaney must show diligence in endeavoring to locate Tobias’s whereabouts:
 

 The test ... is not whether it was in fact possible to effect personal service in a given case, but whether the [plaintiff] reasonably employed knowledge at [her] command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire the information necessary to enable [her] to effect personal service on the defendant.
 

 Grammer v. Grammer,
 
 80 So.2d 457, 460-61 (Fla.1955) (quoting
 
 McDaniel v. McElvy,
 
 91 Fla. 770, 108 So. 820, 831 (1926));
 
 see also Dubois v. Butler,
 
 901 So.2d 1029 (Fla. 4th DCA 2005);
 
 DeVico v. Chase Manhattan Bank,
 
 823 So.2d 175, 176 (Fla. 3d DCA 2002);
 
 Cross v. Kalina,
 
 681 So.2d 855 (Fla. 5th DCA 1996).
 

 Here, Delaney made “an honest and conscientious effort” to obtain information that would enable her to serve Tobias personally. She therefore demonstrated the requisite diligence in attempting to locate Tobias and his avoidance of that service. The affidavit of diligent search and the process server’s diligence worksheets delineate the substantial efforts made to locate Tobias’s whereabouts and numerous attempts to personally
 
 *80
 
 serve Tobias. For example, Delaney attempted to serve Tobias twenty-two times over a three-month period at his admittedly correct Florida address. However, because the residence is gated, the process server was barred from access to the front door. While “[l]itigants have the right to choose their abodes; they do not have the right to control who may sue or serve them by denying them physical access.”
 
 Bein v. Brechtel-Jochim Group, Inc.,
 
 6 Cal.App.4th 1387, 1393, 8 Cal.Rptr.2d 351 (1992). As such, based upon this record, Delaney properly resorted to substituted service on Tobias.
 
 See Luckey v. Smathers & Thompson,
 
 343 So.2d 53, 54 (Fla. 3d DCA 1977) (holding that “there is no rule of law which requires that the officers of the court be able to breach the self-imposed isolation in order to inform the defendant that a suit is filed against him”);
 
 see also Boatfloat LLC v. Golia,
 
 915 So.2d 288 (Fla. 4th DCA 2005) (noting the challenge of successfully serving a limited liability company when the registered agent’s only address is a gated residential community with no regular, public business hours);
 
 Harris-Scott v. Jackson,
 
 2008 WL 3122178 (Cal.Ct.App. Aug. 7, 2008) (permitting service by publication upon finding that plaintiff demonstrated diligence in attempting to serve defendant, including attempted service at his gated ranch property, where the process server was unable to gain access) (unpublished).
 
 See generally 818 Asset Management, Inc. v. Neiman,
 
 22 So.3d 659 (Fla. 3d DCA 2009) (Wells, J., specially concurring) (stating that there was no factual issue as to concealment of defendant’s whereabouts where, among other circumstances, plaintiff unsuccessfully attempted to serve defendant multiple times at her correct condominium address).
 

 Because no issue exists as to whether Delaney either served Tobias during the extension of time granted by the trial court or properly complied with the substituted service requirements, or whether To-bias received the summons and complaint by mail at his gated residence, we find that Delaney properly effectuated substituted service on Tobias during the trial court’s extension of time to perfect service.
 

 Accordingly, because Delaney properly and timely served Tobias by substituted service during the trial court’s extension of the service period, we reverse the order dismissing the complaint.
 

 Reversed and remanded.
 

 [1]
 

 . The amended Complaint alleged that Tobias owned and operated an apartment business in Miami-Dade County, but that Delaney had been unable to serve Tobias as he was concealing his whereabouts.
 

 [2]
 

 . Section 48.181(1), Florida Statutes, provides that any person doing business in this state is amenable to service of process on the Secretary of State if that person is concealing his or her whereabouts:
 

 [A]ny person ... who is a resident of the state and who ... conceals his or her whereabouts ... [and who accepts] the privilege ... to operate, conduct, engage in, or carry on a business ... in the state constitutes an appointment ... of the Secretary of State ... as their agent on whom all process in any action ... arising out of any transaction or operation connected with or incidental to the business or business venture may be served.