PER CURIAM.
 

 Twin Oaks Villas, Ltd., appeals a nonfi-nal order denying its motion to set aside a default final judgment on the ground that Joel D. Smith, L.L.C. failed to effect service of process, rendering the final judgment void under Florida Rule of Civil Procedure 1.540(b). We reverse, having concluded that the subcontractor’s single attempt to personally serve Twin Oaks at its Cocoa Beach address did not amount to reasonable diligence under the circumstances.
 
 See Hudson v. Pioneer Fed. Savs. & Loan Ass’n,
 
 516 So.2d 339, 340 (Fla. 1st DCA 1987) (on review of a circuit court’s determination that a plaintiff conducted a diligent search to locate the defendant, the appellate court determines whether the decision is supported by competent, substantial evidence).
 
 Accord Gir
 
 
 *69
 

 on v. Ugly Mortgage, Inc.,
 
 935 So.2d 580, 582 (Fla. 3d DCA 2006).
 

 Twin Oaks Villas, Ltd. contracted with Con Cor Construction, Inc. in 2005 to build an apartment complex, and Con Cor hired subcontractor Joel D. Smith, L.L.C. to render labor, materials, and services. After the subcontractor ceased working on the project, it sought unsuccessfully to recover $48,078 for work performed, then recorded a claim' of lien listing a Cocoa Beach address for Twin Oaks. Twin Oaks, in turn, sued the subcontractor to release the defective lien, but the trial court dismissed Twin Oaks’ suit.
 

 The subcontractor subsequently filed suit against Twin Oaks to foreclose on the claim of lien and attempted to serve Twin Oaks at the same Cocoa Beach address. The Sheriffs Return of Service dated February 22, 2006, stated that “after diligent search and inquiry,” the registered agent — Jacqueline McPhillips — could not be found, and included the comment, “vacant bldg.” The subcontractor then served an alias summons on the Secretary of State, asserting in a letter that, pursuant to section 48.061, Florida Statutes, “[w]e previously attempted service on the Registered Agent listed and it is now a vacant building and we are unable to serve them at that address. We were also unable to locate or serve any general or limited partner for this partnership.” The circuit court entered a default final judgment foreclosing the construction lien.
 

 When it received a copy of the final judgment in the mail, Twin Oaks filed a motion to vacate the clerk’s default and set aside the final judgment. Twin Oaks filed an affidavit of Jim Kincaid, vice president and sole shareholder of Heritage Partners Group, Inc., general partner of Twin Oaks Villas, Ltd. He averred that Heritage Group’s main offices had moved from the Cocoa Beach address to Cape Canaveral during late 2004 and early 2005, but that it had failed to change the address of its (and Twin Oaks’) registered agent from Cocoa Beach to Cape Canaveral until March 2008. Neither Heritage, Twin Oaks, nor Mr. Kincaid had been served with the subcontractor’s complaint or summons, nor were copies posted at either the Cocoa Beach or Cape Canaveral addresses, nor were copies received by certified mail at either address, nor did they receive notice of the subcontractor’s motion for clerk’s default or the motion for final judgment. The defendants first gained knowledge of this suit when they received a letter from plaintiff’s attorney at the Cape Canaveral address, enclosing a copy of the final judgment. The offices and building in Cocoa Beach were not vacant, he said, and mail was collected daily from that address. Moreover, Joel Smith had personally trav-elled to the Heritage Group main office in Cape Canaveral to discuss what he believed he was owed on the Twin Oaks project.
 

 The subcontractor filed an affidavit of Joel Smith in opposition, averring that the annual reports on file with the Secretary of State since 2005 listed the address of Twin Oaks, Heritage Partners, and Con Cor in Cocoa Beach, with Jacqueline McPhillips as registered agent for service of process. The subcontractor further averred that before the instant suit was filed, he had mailed the claim of lien to Mr. Kincaid at the Cocoa Beach address by certified mail and a return receipt showed that Mr. Kincaid had received it. The subcontractor also said he had told the manager of the apartments in Pensacola that he had sued Twin Oaks and Con Cor in February 2007 to enforce his lien. He thus believed James Kincaid was fully aware of the lawsuit against him.
 

 The circuit court conducted a non-evi-dentiary motion hearing and decided the
 
 *70
 
 issue based upon the parties’ affidavits and the sheriffs return of service. The court found that the service attempted to be effected on Twin Oaks’ registered agent was valid and there was no deficiency, that the Secretary of State had complied with the law in serving the alias summons, and that Twin Oaks did not exercise due diligence and thus failed to show excusable neglect in failing to update the address of its registered agent with the Secretary of State.
 

 Sections 48.061 and 620.1117, Florida Statutes (2007), each authorized substituted service on the Secretary of State following failure of personal service on a limited partnership. Section 48.061(2) stated: “If a general partner cannot be found in this state and service cannot be made on an agent ... because the agent cannot be found or served with the exercise of reasonable diligence, service of process may be effected by service upon the Secretary of State as agent of the limited partnership as provided for in s. 48.181.” Section 620.1117(2) authorized service on the Secretary of State if the “registered agent cannot with reasonable diligence be found at the address of the registered office.”
 

 We reject the subcontractor’s claim that section 620.1117 alone applies in this case rather than section 48.061, and that section 620.1117(2) requires only the exercise of reasonable diligence to serve the registered agent
 
 at its listed registered office.
 
 The subcontractor contends that section 620.1117 is a specific provision addressing the procedure for serving process on limited partnerships and thus controls in this case.
 

 Section 620.1117 is entitled “service of process” and is found in Chapter 620, which addresses “partnership laws.” Section 48.061 is entitled “service on partnerships and limited partnerships,” and is found in Chapter 48 which deals with “process and service of process.” Neither provision is more specific than the other for the purpose of applying the maxim that when two provisions conflict, the more specific controls over the general regarding the same subject.
 
 See Palm Beach County Canvassing Bd. v. Harris,
 
 772 So.2d 1273, 1287 (Fla.2000). Indeed, there appears to be no conflict between the provisions, particularly in light of the principle directing courts to “adopt an interpretation that harmonizes the laws, for the Legislature is presumed to have intended that both laws are to operate coextensively and have the fullest possible effect.”
 
 Id.
 
 With regard to the relationship between section 620.1117 and 48.061, “related statutory provisions must be read as a cohesive whole,” and “a statutory provision will not be construed in such a way that it renders meaningless or absurd any other statutory provision.”
 
 Id. See, e.g., 1321 Whitfield, LLC v. Silverman,
 
 67 So.3d 435 (Fla. 2d DCA 2011) (rejecting. defendant’s argument that the more specific service provision of section 48.061 controlled over section 49.021, instead pointing out that the courts are required to reconcile seemingly disparate provisions unless there is a “hopeless inconsistency”).
 

 Moreover, the subcontractor expressly informed the Secretary of State that it was proceeding pursuant to section 48.061, enclosing the $8.75 fee required by that statute, saying: “we previously attempted service on the Registered Agent listed and it is now a vacant building and we are unable to serve them at that address. We were also unable to locate or serve any general or limited partner for this partnership.”
 

 The evidence showed that although the subcontractor had previously gone to Twin Oaks’ new headquarters in Cape Canaveral, it made but one attempt at service at the Cocoa Beach address, then gave up and served the Secretary of State, and
 
 *71
 
 even then declined to send a copy of the process to both the Cocoa Beach and Cape Canaveral addresses. Notwithstanding this, after obtaining the Final Default Judgment, the subcontractor mailed it to the proper Cape Canaveral address.
 

 The supreme court has stated that the reasonable diligence a plaintiff must exhibit before effecting substituted service consists of employing knowledge that is at the plaintiffs command, making diligent inquiry, and exerting an honest and conscientious effort that is appropriate to the circumstances to acquire the information necessary to effect service on the defendant.
 
 Grammer v. Grammer,
 
 80 So.2d 457, 460-61 (Fla.1955). In short, “the failure of delivery of sendee must be attributable to the defendant,” not the plaintiff.
 
 All Mobile Video, Inc. v. Whitener,
 
 773 So.2d 587, 590 (Fla. 1st DCA 2000) (reversing for lack of diligence, because the plaintiffs attempted only to send copies of the summons, service, and complaint by certified mail to the registered agent listed with the New York Department of State, which was returned as undeliverable because the law firm had dissolved twenty years before, yet one of the plaintiffs had had recent telephone conversations with company representatives, and the plaintiffs counsel had been in contact with the defendant’s insurance company).
 

 Although Twin Oaks did not explain why it had not updated the address of its registered agent with the Department of State, and thus failed to show excusable neglect, this did not negate the subcontractor’s obligation to use more initiative to locate Twin Oaks.
 
 See id.
 
 (although it was inexcusable for the defendant to have failed to update the addresses of its agent and of its CEO, “its negligence in this regard does not negate the fact that [the plaintiffs] failed to use knowledge at them command and exercise due diligence in attempting to notify [the defendant] of the suit.”).
 

 We REVERSE and REMAND for further proceedings.
 

 DAVIS, PADOVANO, and ROWE, JJ., concur.