SALTER, J.
Crystal Springs Partners, Ltd. (Crystal Springs), a British Virgin Islands corporation, appeals a non-final order entered after final judgment. The order denied Crystal Springs’ emergency motion to quash service of process, vacate, and set aside default final judgment, writ of execution, and post-judgment sale of real property. The essential issue for our determination is whether the trial court properly upheld substituted service of initial process on Crystal Springs under section 48.161(1), Florida Statutes (2012). Concluding that the appellee failed to comply with the strictly-enforced statutory requirements, we reverse and remand the ease with instructions to quash service and to vacate the default final judgment and sale pursuant to that judgment.
Strict compliance with the requirements of section 48.161(1) is mandatory for substituted service to be approved by the trial court and upon appellate review. Monaco v. Nealon, 810 So.2d 1084 (Fla. 4th DCA 2002).
In the present case, the appellee satisfied the first statutory requirement by forwarding a copy of the process to the Secretary of State of Florida. The next statutory requirements were not met, however. Notice of the service on the Secretary of State and a copy of the process itself was required to be sent by registered or certified mail to the defendant “forthwith.” Instead, the appellee/plaintiff sent Crystal Springs a certified letter and the requisite copies forty-two days after the Secretary of State was served (and twenty-nine days after the appellee received correspondence from the Secretary of State confirming such service). That is not “forthwith” as we and other courts have interpreted the term. Parish Mortg. Corp. v. Davis, 251 So.2d 342 (Fla. 3d DCA 1971); Paradis v. Cicero, 167 So.2d 248 (Fla. 2d DCA 1964).
A second deficiency occurred when the plaintiff/appellee, a law firm seeking to collect unpaid fees and costs from its former client, sent the certified mail to an empty condominium owned by Crystal Springs on Fisher Island. The return receipt was returned to counsel for the ap-pellee marked “unclaimed.” The appellee had additional contact information for its former client but, so far as the record discloses, did not attempt to mail the return of service and a copy of the process to Crystal Springs at that address or to email the papers to Crystal Springs at an email successfully used to communicate with its director in the past. The appellee was obligated to make an “honest and conscientious effort,” using knowledge at its command, to provide the defendant with actual notice of the lawsuit. All Mobile Video v. Whitener, 773 So.2d 587, 589-90 (Fla. 1st DCA 2000).
The appellant’s appearance through trial and appellate counsel, verified motions, and express agreement at oral argument *1232 assure that, on remand, the parties will address the merits of the appellee’s complaint without further delay. Upon the issuance of our mandate, Crystal Springs shall have twenty days within which to file and serve a responsive pleading to the complaint.
Reversed and remanded for further proceedings.